UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 12-CR-107 (DWF/LIB) |
| v. | **REPORT AND RECOMMENDATION** |
| MICHAEL JAMES JOURDAIN, | |
| Defendant. | |

This matter came before the undersigned United States Magistrate Judge upon the Motion of the Defendant to Suppress Statements made as fruit of an unlawful arrest.  The case has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  The Court held a hearing on June 29, 2012.  The Government appeared by Assistant United States Attorney Clifford B. Wardlaw and the Defendant appeared personally and by his attorney, Shannon R. Elkins.   For reasons outlined below, the Court recommends that the Defendant's Motion be GRANTED.

At the time of his arrest, the Defendant was residing in a home that was owned by his sister.  The Red Lake tribal officers received permission from the sister to enter the home without a warrant.  However, it was later determined that the Defendant's sister was at that time living next door with her mother, did not reside at the home in question, and in fact did not have a key to the home.  The Defendant occupied and possessed his sister's home.  Therefore, the Government acknowledged at the hearing that the consent given by the Defendant's sister for Red Lake tribal officers to enter the home where the Defendant was living was sometime subsequent to the arrest determined not to be valid because the Defendant's sister did not at the material and relevant time have authority or apparent authority to consent to the entry by Red

Lake tribal officers into the home.  Therefore, the Government further acknowledged that on the present facts of this case the subsequent arrest of the Defendant was invalid and that any statements made by the Defendant which were the fruit of the unlawful arrest should be suppressed.

The Defendant concurred with the Government's representation of the factual circumstances.  The Government has further agreed not to enter the statements made by the Defendant at trial in support of its case of chief, but it reserved the right to use the statements to cross examine the Defendant or for impeachment purposes.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED**

1. That the Defendant's Motion to Suppress Statements as Fruits of his Unlawful Arrest [Docket No. 14] be **GRANTED.**

Dated: July 2, 2012                                              s/Leo I. Brisbois
                                                                          LEO I. BRISBOIS
                                                                          United States Magistrate Judge

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by July16, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the

objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.